**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOEANA M. CUTILLO,**

         **Plaintiff,**

vs.                 **5:17-cv-0609**
                    **(MAD/WBC)**
**NANCY A. BERRYHILL, Acting Commissioner**
**of Social Security,**

         **Defendant.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**OLINSKY LAW GROUP**      **HOWARD D. OLINSKY, ESQ.**
300 S. State Street, Suite 420
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **ANDREEA L. LECHLEITNER, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 29, 2013, Plaintiff Joeana M. Cutillo ("Plaintiff") applied for Disability Insurance Benefits ("DIB"). *See* Dkt. No. 9 at 243. Plaintiff alleges that she has suffered from a "disability" within the meaning of the Social Security Act (the "Act") since August 18, 2011, due to neck pain, nerve root compression, spinal stenosis, back pain, occipital neuralgia, rib pain, left sided thoracic spasm with spondylolysis, bilateral trapezius spasms, and anxiety. *See id.* at 88.

The Commissioner denied Plaintiff's applications on August 1, 2013. *See id.* at 102. Plaintiff then made a timely request for a hearing in front of an Administrative Law Judge

("ALJ"), which was held before ALJ Laura Michalec Olszewski on July 1, 2015.  *See id.* at 43.  ALJ Olszewski issued an unfavorable decision on October 22, 2015, finding that Plaintiff's conditions do not qualify her as "disabled" under the Act, and that Plaintiff is therefore not entitled to DIB benefits under Sections 216(i) and 223(d).  *See id.* at 16-35.  Plaintiff appealed the ALJ's decision, but the Appeals Council denied review and thus made the ALJ's decision stand as the Commissioner's final decision.  *See id.* at 7-12.

On June 2, 2017, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner's unfavorable decision.  *See* Dkt. No. 1.  The case was referred to United States Magistrate Judge William B. Mitchell Carter for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).  *See* Dkt. No. 6.  Magistrate Judge Carter recommended that the Commissioner's decision be affirmed and Plaintiff's complaint dismissed.  *See* Dkt. No. 17 at 23.  Specifically, Magistrate Judge Carter found that (1) the ALJ did not commit legal error in evaluating the weight of the treating medical opinions in the record; (2) Plaintiff's mental residual functional capacity ("RFC") as determined by ALJ was supported by substantial evidence in the record; and (3) the ALJ did not fail to reconcile inconsistences between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").  *See id.* at 22-23.  Additionally, Magistrate Judge Carter found that, although the physical RFC was supported by substantial evidence, the ALJ failed to include Plaintiff's reaching limitations in her written determination, but any error was harmless.  *See id.*

On May 18, 2018, Plaintiff timely filed objections to Magistrate Judge Carter's Report and Recommendation.  *See* Dkt. No. 18.  Specifically, Plaintiff objects to Magistrate Judge Carter's finding that ALJ's failure to include Plaintiff's reaching limitations in her written determination was harmless.  *See id.*

2

Currently before the Court are Magistrate Judge Carter's Report and Recommendation and Plaintiff's objections thereto. Dkt. Nos. 17 & 18. For the reasons stated below, the Court adopts Magistrate Judge Carter's Report and Recommendation in its entirety.

## II. DISCUSSION[1]

**A.     Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's factual determinations are conclusive, and it is not permitted for the courts to substitute their analysis of the evidence. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (stating that the court "would be derelict in our duties if we simply paid lip service to this rule, while shaping [the Court's] holding to conform to our own interpretation of the evidence"). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a

---

[1] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Carter's Report and Recommendation. Dkt. No. 17.

de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Analysis**

*1. The ALJ did not commit legal error in evaluating the weight of the treating medical opinions in the record*

The treating physician rule states that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). When an ALJ refuses to assign a treating physician's opinion controlling weight, a number of factors must be considered to determine the appropriate weight to assign, including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or

4

contradict the opinion. *See* 20 C.F.R. § 404.1527(c). After accounting for these factors, "the ALJ must 'comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion.'" *Burgess*, 537 F.3d at 129. "Failure to provide such 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Id.* at 129-130.

In the present matter, the Court finds that Magistrate Carter correctly determined that ALJ did not commit legal error in evaluating the weight of the treating medical opinions in the record. *See* Dkt. No. 17 at 6-17. The ALJ assigned partial weight to the treating physicians' opinions because they were "insufficiently supported by objective and clinical evidence" and they placed "excessive reliance on [Plaintiff's] subjective allegations." Dkt. No. 9 at 26.

Further, Magistrate Judge Carter correctly found that the ALJ did not commit legal error when considering the treating physician's recommendation of conservative treatment. *See* Dkt. No. 17 at 15-16. Generally, conservative treatment alone is not "compelling evidence . . . to overcome an otherwise medical opinion." *See Shaw*, 221 F.3d at 134 (holding that "the district court improperly characterized the fact that [the treating physician] recommended only conservative physical therapy, hot packs, EMG testing — not surgery or prescription drugs — as substantial evidence that plaintiff was not physically disabled during the relevant period"). However, the ALJ can factor conservative treatment as additional evidence. *See Tricarico v. Colvin*, 681 Fed. Appx. 98, 100 (2d Cir. 2017) (holding that the treating physician's "assessment contained internal inconsistencies, such as the fact that the extreme limitations [that the physician] identified were not consistent with the relatively conservative treatment plan he had prescribed, which consisted of only pain relief medication and physical therapy, the latter of which was later discontinued"); *see also Netter v. Astrue*, 272 Fed. Appx. 54, 56 (2d Cir. 2008) (holding that "because the district court relied on [the treating physician's] conservative treatment

regimen merely as additional evidence supporting the ALJ's determination rather than as 'compelling' evidence sufficient in itself to overcome an 'otherwise valid medical opinion,' the district court did not impermissibly 'substitute his own expertise or view of the medical proof for the treating physician's opinion'").

In the present matter, Magistrate Judge Carter correctly found that the ALJ did not rely on Plaintiff's conservative treatment as compelling evidence to discredit the medical opinions of the treating physicians. *See* Dkt. No. 17 at 15-16. Rather, the ALJ considered the conservative treatment as additional evidence along with consideration of other objectives, clinical findings, and other opinion evidence. *See* Dkt. No. 9 at 19-28.

***2. Although the physical RFC was supported by substantial evidence, the ALJ failed to include Plaintiff's reaching limitations in her written determination. Nevertheless, any error was harmless.***

The ALJ determined that Plaintiff's RFC allows her to perform a limited range of sedentary work as defined in 20 C.F.R. § 404.1567 (a).[2] *See* Dkt. No. 9 at 23. Specifically to Plaintiff's physical RFC, the ALJ determined that

> [Plaintiff] can lift and or carry 10 pounds occasionally. She can sit for 6 hours in a 8-hour workday, stand and or walk for 2 hours in an 8-hours workday. [Plaintiff] may sit or stand at her option; this means that [Plaintiff] needs the freedom to alternate position from sitting to stand as much or as little as she deems necessary. Please assume that the alternate sitting and standing or the time to change from one position to another does not interrupt [Plaintiff's] ability to remain on task. Moreover, [Plaintiff] can occasionally climb ramps and stairs but should never climb ladders and scaffolds. She can occasionally balance and stoop. She should never kneel, crouch and crawl.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567 (a).

6

*Id.*

Magistrate Judge Carter found that the physical RFC was supported by substantial evidence in the record. *See* Dkt. No. 17 at 19. However, he also found that the ALJ failed to account for any limitation regarding Plaintiff's ability to reach in her written RFC determination. *See id.* at 19-20. Nevertheless, Magistrate Judge Carter concluded that "any error the ALJ made in failing to include reaching limitations in her written RFC determination was harmless because there were a significant number of jobs in the national economy that Plaintiff could perform despite her reaching limitations." *Id.* at 20-23. His determination was based on substantial evidence in the record showing that Plaintiff could occasionally reach overhead and frequently reach in all other directions. *See id.* at 19-21.

Plaintiff objects to Magistrate Judge Carter's determination that the ALJ's error in failing to consider Plaintiff's reaching limitations was harmless. *See* Dkt. No. 18. Specifically, Plaintiff contends that Magistrate Judge Carter exceeded the scope of this Court's jurisdiction because it is for the Commissioner to resolve genuine conflicts in the medical evidence. *See id.* Plaintiff argues that Magistrate Judge Carter's conclusion was based on Dr. Wike's opinion that "Plaintiff could occasionally reach overhead and below her waist, but frequent at waist level, and that Plaintiff had no limitations in her ability to handle and finger." *Id.* at 2. Plaintiff claims that Magistrate Judge Carter is assuming that the ALJ would have accepted and incorporated Dr. Wike's opinion, but this is contradicted by Dr. Sadddiqui's opinion that "Plaintiff could rarely reach, occasionally handle and frequently finger." *Id.* Plaintiff asserts that "there is simply not enough evidence in the hearing testimony to know which limitation the ALJ would have accepted had she done the appropriate analysis." *Id.* The Court disagrees.

Magistrate Judge Carter did not exceed the scope of this Court's jurisdiction. He simply determined whether there was substantial evidence that supports the ALJ's decision regarding Plaintiff's RFC. *See* Dkt. No. 17 at 19; *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (stating that "[t]he district court's review of the Commissioner's decision regarding disability is limited to a determination of whether the decision is supported by 'substantial evidence' in the record as a whole"). In making this determination, he found that the ALJ failed to account for any limitation regarding Plaintiff's ability to reach in her written RFC determination. *See* Dkt. No. 17 at 19-20.

Magistrate Judge Carter then correctly found that there is substantial evidence in the record that shows the ALJ's consideration for the fact that Plaintiff could occasionally reach overhead and frequently reach in all other directions, which is consistent with Dr. Wike's opinion.[3] *See* Dkt. No. 9 at 351. When weighing the opinion evidence in her written determination, the ALJ stated that "the record contains multiple opinions for consideration," and she then emphasized Dr. Wike's opinion that Plaintiff "has significant difficulty reaching above the shoulder level." *Id.* at 25-26. In addition, at the hearing, the only question posed to the VE regarding Plaintiff's reaching limitations mirrored Dr. Wike's opinion. *See id.* at 80, 351.

Finally, the Court finds that Magistrate Judge Carter correctly determined that any error the ALJ made in failing to include reaching limitations in her written RFC determination was harmless because there were a significant number of jobs in the national economy Plaintiff could perform despite reaching limitations. *See* Dkt. No. 17 at 20-22. At the hearing, the VE testified that a hypothetical individual with Plaintiff's age, education, professional experience, and RFC

---

[3] Dr. Wike's report classifies rarely as 0-30%, which is best classified as occasionally under the Social Security Administrative terms. *See* Dkt. No. 9 at 351; *see also* SSR 83-10 (stating that "'[o]ccasionally' means occurring from very little up to one-third of the time").

could work as order clerk and addresser. *See* Dkt. No. 9 at 75-78. Next, the VE testified that these occupations would still be available if the hypothetical individual could occasionally reach overhead and frequently reach in all other directions. *See id.* at 80-81. Therefore, any error in including Plaintiff's reaching limitation in the RFC was harmless and would not change the outcome of this case. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (stating that even though the ALJ "improperly excluded evidence, . . . [r]emand is unnecessary . . . '[w]here application of the correct legal standard could lead to only one conclusion'"); *see also Ortiz v. Colvin*, 298 F. Supp. 3d 581, 589-590 (W.D.N.Y. 2018) (holding that "the ALJ's failure to incorporate [plaintiff's] limitation into his RFC finding was [a] harmless error" that did not require remand because it "would not have changed the ALJ's step five determination").

## III. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Carter's Report and Recommendation, plaintiff's objections, and the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 17) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge